UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------- X

JAMEL SIMMONS, MARCUS THORPE, TAWSHANA SIMMONS, SHALAEISH HOLLIS,

Plaintiffs,

-against-

THE CITY OF NEW YORK, Police Officer LUIS MALDONADO, Shield UNKNOWN, Police Officer LAUREN DIAZ, Shield No. UNKNOWN in their individual and official capacities as employees of the City of New York,

Defendants.

--------------------------------------------------- X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

16 CV 01943 (RMB)

Plaintiffs, JAMEL SIMMONS, MARCUS THORPE, TAWSHANA SIMMONS, SHALAEISH HOLLIS, by their attorney, Amy Rameau, Esq., alleges the following, upon information and belief, for this Complaint:

## INTRODUCTION

1.    This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.    Plaintiffs seek compensatory and punitive damages

and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

3.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

4.    This action has been commenced within one year and ninety  days after the happening of events upon which the claims are based.

## JURISDICTION

5.    This Court has subject matter jurisdiction over  the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

6.    Under 28 U.S.C.  § 139l (b) and  (c), venue is proper in the Eastern District of New York.

## PARTIES

7.    Plaintiff JAMEL SIMMONS was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

2

8.     Plaintiff MARCUS THORPE was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

9.     Plaintiff TAWSHANA SIMMONS was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

10.   Plaintiff SHALAEISH HOLLIS was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit

11.   Defendant Luis Maldonado, Shield No. UNKNOWN ("Maldonado"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant Maldonado is sued in his individual and official capacities.

12.   Defendant Maldonado at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights. was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

13.   Defendant Lauren Diaz, Shield No. UNKNOWN ("Diaz"),

was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant Diaz is sued in his individual and official capacities.

14.   Defendant Diaz at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights. was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D."), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of his authority and employment. He is named here in his individual official capacities.

15.   Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

**FACTUAL ALLEGATIONS**

16.   On or about March 21, 2015 Plaintiff SHALAEISH HOLLIS had her van parked in the area of 1795 Clifton Avenue in the County of Bronx, City and State of New York.

17.   Plaintiff JAMEL SIMMONS and MARCUS THORPE, Ms.

Hollis's boyfriend, got into Ms. Hollis' van to pick up some bags. JAMEL SIMMONS and MARCUS THORPE got accidentally locked out of the van. A police vehicle was passing by and Mr. Thorpe asked the officers to help them open the van. The officers refused to help and drove away.

18. Plaintiff MARCUS THORPE attempted to open the door himself with a hanger. At that time another police car and a police van approached plaintiffs.

19. Officers Maldonado and Diaz arrested plaintiffs without probable cause as plaintiffs were trying to get back into their own vehicle.

20. Police Officer Maldonado and Diaz arrested all the plaintiffs and drove them to the 48th Precinct.

21. While at the precinct, the plaintiffs were dehydrated and asked for water. The officers refused.

22. False charges were levied against plaintiffs, which were later dismissed.

23. As a result of the Defendants' actions, Plaintiffs suffered serious physical injuries, mental and emotional harm, loss of liberty, loss of reputation, and other damages.

**FIRST CLAIM**
**False Arrest**

24.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

25.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

26.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**SECOND CLAIM**
**State Law False Imprisonment and False Arrest**

27.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

28.    By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

29.    Plaintiffs were conscious of his confinement.

30.    Plaintiffs did not consent to his confinement.

31.    Plaintiffs' confinement was not otherwise privileged.

32.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

33.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### THIRD CLAIM
**Malicious Prosecution**

34.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

36.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.   The prosecution by defendants of plaintiffs constituted malicious prosecution in that there were no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

37.    As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages,

including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CLAIM
### State Law Malicious Prosecution

38.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39.   By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

40.   Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with resisting arrest, menacing and disorderly conduct.   Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

41.   The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

42.   All charges were terminated in plaintiffs' favor.

43.   Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs.   Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

44.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
## State Law Assault and Battery

45.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46.    By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered him.

47.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
## Denial Of Constitutional Right To Fair Trial

49.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

50.    The individual defendants created false evidence against Plaintiffs.

51.   The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

52.   In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

53.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CLAIM**
**Malicious Abuse Of Process**

54.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

55.   The individual defendants issued legal process to place Plaintiffs under arrest.

56.   The individual defendants arrested Plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of them.

57.   The individual defendants acted with intent to do harm to Plaintiffs without excuse or justification.

58.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

59.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

60.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

61.  Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

62.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

63.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

64.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

65.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

66.   The individual defendants were of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

67.   Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

68.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

69.   Plaintiff repeat and reallege each and every allegation as if fully set forth herein.

70.   Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

71.   Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

72.   As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### *Monell*

73.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

74.   This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

75.   The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

76.   The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

77.   The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

78.   The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed

13

the acts alleged herein and/or have a propensity for unconstitutional conduct. These policies, practices, and customs were the moving force behind plaintiff's injuries.

### PRAYER  FOR  RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    May 11, 2016
          Brooklyn, New York


Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, 2504
New York, New York 11241
(718) 852-4759
saleemlawny@gmail.com

*Attorney for plaintiffs*


TO:       All  Defendants
          Corporation  Counsel  of the  City of New York