UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X

JAMEL SIMMONS and TAWSHANA SIMMONS,

                              Plaintiffs,

         -against-

THE CITY OF NEW YORK, Police Officer LUIS
MALDONADO, Shield 00836, Police Officer
LAUREN DIAZ, Shield No. 04807, Police Officer
DANIEL McFADDEN, Shield No. 20078, and
Police Officer BRIAN KOVARIK, Shield No.
21898, in their individual and official
capacities as employees of the City of New
York,

                              Defendants.

---------------------------------------------------------- X

**SECOND AMENDED
COMPLAINT**

Jury Trial Demanded

16 CV 01943 (RMB)

   Plaintiffs, JAMEL SIMMONS and TAWSHANA SIMMONS, by their

attorney, The Rameau Law Firm, allege the following, upon information and

belief, for this Complaint:

## INTRODUCTION

   1.   This is a civil rights action for money damages brought pursuant to

42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth

Amendments to the United States Constitution, and the common law of the

State of New York, against the defendants mentioned above in their individual

and official capacities, and against the City of New York.

   2.   Plaintiffs seek compensatory and punitive damages and an

award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

   3.   Plaintiffs filed a Notice of Claim on June 12, 2015.

4.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5.     This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiffs also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiffs request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

7.     Under 28 U.S.C.  § 1391 (b) and  (c), venue is proper in the Southern District of New York.

## PARTIES

8.     Plaintiff JAMEL SIMMONS ("plaintiff" or "Mr. Simmons") was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

9.     Plaintiff TAWSHANA SIMMONS ("plaintiff" or "Ms. Simmons") was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

10.     Defendant LUIS MALDONADO, Shield No. 00836 ("Maldonado"), was at all relevant times an officer employed by the New York City

Department ("N.Y.P.D."). Defendant Maldonado is sued in his individual and official capacities.

11.   Defendant Maldonado at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12.   Defendant LAUREN DIAZ, Shield No. 04807 ("Diaz"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant Diaz is sued in his individual and official capacities.

13.   Defendant Diaz at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights. was at all relevant times an officer employed by the New York City Police Department ("N.Y.P.D.").

14.   Defendant DANIEL McFADDEN, Shield No. 20078 ("McFadden"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant McFadden is sued in his individual and official capacities.

15.   Defendant McFadden at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

16.   Defendant BRIAN KOVARIK, Shield No. 21898 ("Kovarik"), was at all relevant times an officer employed by the New York City Department ("N.Y.P.D."). Defendant Kovarik is sued in his individual and official capacities.

17.   Defendant Kovarik at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights. was at all relevant times an officer employed by the New York City Police Department

("N.Y.P.D.").

18.   Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

19.   On or about March 21, 2015, Plaintiff JAMEL SIMMONS got accidentally locked out of the van parked in the area of 1795 Clifton Avenue, Brooklyn, New York.

20.   A police vehicle was passing by and JAMEL SIMMONS' friend, Marcus Thorpe, asked the officers to help them open the van. The officers refused to help and drove away.

21.   Mr. Thorpe attempted to open the door himself with a hanger. At that time another police car and a police van approached plaintiffs and began questioning JAMEL SIMMONS.

22.   Plaintiff TAWSHANA SIMMONS was inside her home cooking dinner when she looked out of the window and saw a number of her family members surrounded by police officers.

23.   TAWSHANA SIMMONS went downstairs and tried to explain to the officers that JAMEL SIMMONS was locked out of the van.

24.    Defendant Officers Maldonado, Diaz, McFadden and Kovarik arrested plaintiffs TAWSHANA SIMMONS and JAMEL SIMMONS without probable cause and drove them to the 48th Precinct.

25.    While at the precinct, the plaintiffs were dehydrated and asked for water. The officers refused.

26.    False charges were levied against plaintiffs, which were later dismissed.

27.    As a result of the Defendants' actions, Plaintiffs suffered serious physical injuries, mental and emotional harm, loss of liberty, loss of reputation, and other damages.

## FIRST CLAIM
### False Arrest

28.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

29.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

30.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law False Imprisonment and False Arrest

31.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

32.   By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

33.   Plaintiffs were conscious of their confinement.

34.   Plaintiffs did not consent to their confinement.

35.   Plaintiffs' confinement was not otherwise privileged.

36.   Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

37.   As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

### THIRD CLAIM
### Malicious Prosecution

38.   Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

39.   By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40.   Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiffs of their constitutional rights.   The prosecution by defendants of plaintiffs constituted malicious

prosecution in that there were no basis for the plaintiffs' arrest, yet defendants continued with the prosecution, which was resolved in plaintiffs' favor.

41.    As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
### State Law Malicious Prosecution

42.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.    By their conduct, as described herein, defendants are liable to plaintiffs for having committed malicious prosecution under the laws of the State of New York.

44.    Defendants maliciously commenced criminal proceeding against plaintiffs, charging them with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiffs with violations of the laws of the State of New York.

45.    The commencement and continuation of the criminal proceedings against plaintiffs was malicious and without probable cause.

46.    All charges were terminated in plaintiffs' favor.

47.    Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiffs.  Defendant City of New

York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

48.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
## State Law Assault and Battery

49.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

50.    By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered him.

51.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## Denial Of Constitutional Right To Fair Trial

53.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54.    The individual defendants created false evidence against Plaintiffs.

55.    The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

56.    In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

58.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

60.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

61.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

62.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

63.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Failure To Intervene

64.    Plaintiff repeat and reallege each and every allegation as if fully set forth herein.

65.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

66.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

67.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER   FOR   RELIEF

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:       February 8, 2017
             Brooklyn, New York


Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, 2504
New York, New York 11241
(718) 852-4759
saleemlawny@gmail.com

*Attorney for plaintiffs*


TO:          All  Defendants
             Corporation  Counsel  of the  City of New York